George W. KRISTOFF, Appellant–
Defendant,

v.

Maya GLASSON, Appellee–Plaintiff.

No. 53A05–0110–CV–459.

Court of Appeals of Indiana.

Nov. 14, 2002.

Jon C. Abernathy, Bradley J. Schulz, Goodin, Kraege, Abernathy & Miller, Indianapolis, IN, Attorneys for Appellant.

Mary Stuart White, White & White Law Office, PLLC, Brighton, MI, Robert E. Lehman, Lehman & Benedetto, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

George Kristoff ("Kristoff") appeals the trial court's evidentiary rulings excluding certain evidence and Maya Glasson ("Glasson") cross-appeals, after a jury verdict for Glasson on her complaint against Kristoff.

We affirm in part, reverse in part, and remand with instructions.

### ISSUES

*Kristoff's Issues*

1. Whether the trial court erroneously denied Kristoff's request for discovery of the audio portion of the video recording of the accident site.
2. Whether the trial court erroneously granted Glasson's motion to strike portions of Dr. Aruna Rau's ("Dr. Rau") deposition testimony.

*Glasson's Issues*

1. Whether the trial court erroneously denied Glasson's motion for partial summary judgment.

2. Whether there was sufficient evidence to support the jury's finding that Glasson and Davis were contributorially at fault.

## FACTS

On May 15, 1996, Davis was driving his car south on State Road 45 near Bloomington. Glasson was a passenger in Davis' car. Kristoff was traveling north on State Road 45. Kristoff attempted to make a left turn into a driveway when Davis' car crested a small hill and collided with Kristoff's car. Glasson's head struck the windshield, her right knee struck the dashboard, and her right shin was scraped. Glasson was transported to Bloomington Hospital where she was diagnosed with having received multiple abrasions on the forehead, contusions of the right knee, and cervical lumbar strain. Over the next year, Glasson continued to seek treatment for headaches and neck and lower back pain from Dr. Rau, Dr. Harry Staley ("Dr. Staley"), and Dr. Robert Silbert ("Dr. Silbert").

On December 18, 1997, Glasson filed her complaint alleging that she had "suffered great physical pain and mental anguish" as a result of Kristoff's negligent failure to yield the right of way, keep a proper lookout for other cars, and maintain proper control of his car. (Kristoff's App. 121). The Honorable Elizabeth N. Mann decided all pretrial matters. On February 23, 1998, Kristoff filed his answer denying Glasson's allegations. In addition, Kristoff asserted that Davis and Glasson were contributorially negligent. On June 8, 1998, Glasson filed an amended complaint naming Davis as a defendant.

Soon thereafter, the parties began discovery. On July 11, 2000, Glasson filed a motion in limine seeking to exclude from evidence any testimony about her physical and psychological history. On July 12, 2000, Glasson took a videotaped deposition of Dr. Rau. Subsequently, Kristoff filed a motion seeking to compel discovery of Glasson's counseling records and diary. Glasson filed a reply opposing Kristoff's motion. On August 18, 2000, Kristoff filed a motion to compel the testimony of Michael Johnson, Glasson's therapist. On August 21, 2000, the trial court granted Kristoff's motion to compel.

Meanwhile, Glasson and Davis entered into a settlement agreement, and on December 18, 2000, the trial court dismissed Davis from the instant action. As a result, the trial court allowed Glasson to file a second amended complaint alleging that her injuries were caused solely by Kristoff's negligence. In his answer, Kristoff again denied Glasson's allegations and asserted a non-party defense: that Davis was responsible, in whole or in part, for Glasson's injuries. Further, Kristoff also asserted an affirmative defense alleging that Glasson had failed to mitigate her damages.

On December 26, 2000, Glasson filed a motion for partial summary judgment. Glasson requested the trial court to "find as a matter of law that [Kristoff] was liable for [the] crash and order partial summary judgment on the issue of liability." (Glasson's App. 16). On February 13, 2001, Glasson also filed a renewed motion in limine seeking to exclude testimony of her psychological and physical medical history.

On May 3, 2001, the trial court held a hearing to consider Glasson's motion for partial summary judgment and motion in limine. The trial court denied Glasson's motion for partial summary judgment, but subsequently granted her motion in limine

on May 22, 2001. The trial court's order excluded all evidence concerning Glasson's history of psychological counseling and prior physical injuries "as it may relate to the issue of causation of [Glasson's] claimed injuries and damages...." (Kristoff's App. 136).

On May 23, 2001, Glasson hired Jim Walsh ("Walsh"), a professional videographer, to videotape the location of the accident on State Road 45. The videotape contained scenes of where Kristoff's car would have been located at the time of the accident, the hillcrest, and the voices of Walsh and Glasson's attorney in the background. On May 29, 2001, Glasson filed an amended witness list to include Walsh. Kristoff also requested and received a copy of the videotape from Glasson. However, the videotape did not contain the audio portion. On June 18, 2001, Kristoff filed a motion to compel discovery of the audio portion of the videotape. Kristoff argued that because the videotape recorded conversations that took place between Walsh and Glasson's representatives, the "broad rules of discovery" entitled him to a complete copy of the videotape to prepare for Walsh's cross-examination at trial. (Kristoff's App. 156). Glasson responded that Walsh was hired to videotape the scene without any audio, but that he forgot "to eliminate audio from his shoot." (Kristoff's App. 158). Further, Glasson asserted that the jury would view only the video portion, and that the audio portion was irrelevant and would be inadmissible hearsay. On June 21, 2001, the trial court denied Kristoff's motion to compel.

Meanwhile, on June 4, 2001, Glasson requested the trial court's permission to strike certain portions of Dr. Rau's videotaped deposition. Glasson alleged that the portions she wanted to delete contained testimony about her psychological and medical history before the accident, as pro-

hibited under the motion in limine. On June 13, 2001, the trial court allowed Glasson to delete certain portions of Dr. Rau's testimony. However, the trial court stated, "To the extent that [Kristoff] can weaken the force of Dr. Rau's opinions by showing that [Glasson] did not disclose matters deemed important by Dr. Rau, he is entitled to present evidence of Glasson's lack of completeness or truthfulness to the jury." (Kristoff's App. 154). On June 21, 2001, Glasson filed a motion for reconsideration, but that was also denied.

From June 26–30, 2001, the Honorable James E. Harris presided over the jury trial. Prior to evidence being submitted, Glasson asked Judge Harris to clarify Judge Mann's June 13th order denying Glasson's request to delete certain portions of Dr. Rau's video deposition. Glasson argued that the order would require certain testimony related to her psychological history to be placed into evidence, but that this would violate the trial court's earlier order prohibiting the admission of such testimony into evidence. Kristoff objected stating that any additional deletions would be "completely improper" because Dr. Rau testified on direct examination that her diagnosis of post-concussive syndrome was linked in part to Glasson's " 'ongoing anxiety associated with the headaches....' " (Kristoff's App. 66). After reviewing the deposition, Judge Harris granted Glasson's motion and ordered those portions of the deposition to be deleted.

After evidence was presented, Glasson moved for a directed verdict. Glasson argued that Kristoff did not present sufficient evidence that she had failed to mitigate her damages. Kristoff had asserted that Glasson's continued headaches were the result of her not following Dr. Silbert's prescribed course of treatment. Specifically, Glasson asserted that Kristoff failed to present "causation expert medical opin-

ion testimony." (Tr. 675). The trial court denied Glasson's motion.

On June 30, 2001, the jury returned a verdict in favor of Glasson in the amount of $200,000 without regard to fault. The jury allocated 10% of fault to Glasson for failing to mitigate her damages, 15% to Davis, and 75% to Kristoff. As a result, Glasson was awarded a judgment against Kristoff in the amount of $150,000.

On July 16, 2001, Glasson filed her Motion To Correct Errors And For Judgment Notwithstanding The Verdict. Glasson argued that there was insufficient evidence presented at trial for the jury to find that she and Davis were ten and fifteen percent at fault, respectively. Specifically, there was insufficient evidence that Glasson had failed to mitigate her damages and that non-party Davis was contributorially negligent for speeding. On July 25, 2001, Kristoff filed his objection to Glasson's motion. On August 20, 2001, the trial court conducted a hearing and took the matter under advisement. On September 25, 2001, Kristoff filed his notice of appeal.

On October 19, 2001, the trial court partially granted Glasson's motion to correct errors. The trial court found that Kristoff had presented insufficient evidence that Glasson "was unreasonable or was causally related to any aggravation or worsening of any of her multiple injuries." (Glasson's App. 5). However, the trial court found that there was sufficient evidence to support the jury's finding of contributory fault as to Davis.

On October 24, 2001, Kristoff filed his motion to vacate the trial court's order partially granting Glasson's motion to correct errors. Kristoff argued that Glasson's motion should have been deemed denied because the trial court failed to rule within 30 days pursuant to Indiana Trial Rule 53.3. On February 1, 2002, the trial court vacated its October 19th order granting in part Glasson's motion to correct errors.

## DECISION

### Kristoff's Issues

1. *Discovery of Audio Portion of Videotape*

Kristoff argues that the trial court erred when it denied his request to compel Glasson to produce the audio portion of the videotape showing the accident scene. Specifically, Kristoff argues that the videotape recorded Glasson's attorney giving Walsh instructions on where to place the car. Therefore, because the videotape was recorded to support Glasson's assertion that the hill crest in State Road 45 did not impede Kristoff's view, Kristoff argues that he should have had the opportunity to hear the audio portion to determine whether the instructions given to Walsh were accurate. In response, Glasson argues that the audio portion of the videotape was privileged attorney work product. Further, Glasson argues that Kristoff failed to show how he was prejudiced. In his reply brief, Kristoff argues the work product privilege argument was waived because Glasson did not argue that at trial.

We review a trial court's decision regarding discovery matters for an abuse of discretion. *Pioneer Lumber, Inc. v. Bartels,* 673 N.E.2d 12 (Ind.Ct.App.1996). The purpose of the rules governing discovery are to allow for a liberal discovery process in which the parties exchange information essential to litigation of the issues, to eliminate surprise, and to promote settlement. *Id.* "Due to the fact-sensitive nature of discovery matters, the ruling of the trial court is cloaked in a strong presumption of correctness on appeal." *Id.* at 15. We will reverse where the trial court "has reached an erroneous conclusion which is clearly against the logic and effect

of the facts of the case." *Id.* In addition, we will not reverse a trial court's discovery order unless there has been a showing of prejudice. *Id.*

 In general, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter in the pending action. Ind. Trial Rule 26(B). The attorney work product is one privilege that excludes material from discovery. *Pioneer*, 673 N.E.2d 12. "In order to constitute work product, the material sought to be discovered must: (1) consist of documents or tangible things; (2) have been prepared in anticipation of litigation or for trial; and (3) have been prepared by or for another party or by or for that other party's representative." *Id.* at 16. However, T.R. 26(B)(3) allows a party to obtain work product, but only upon a "showing that the party seeking discovery: (1) has a substantial need for the materials in the preparation of his case; and (2) is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Id.* In any case, a party will not be able to discover the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party concerning the litigation." *Id.*

In this case, Kristoff raised his objection that he had not received the audio portion of the videotape Glasson wanted to introduce into evidence. Kristoff made an offer of proof outside the presence of the jury in which he questioned Walsh, the videographer. Walsh stated that the voice of Glasson's attorney could be heard on the videotape, and that no instructions were given to him while he was videotaping. Walsh also testified that he recorded the videotape intending that no audio be recorded;

therefore, the audio portion was not necessary to understand the visual representation of the accident site. After Kristoff's offer of proof, the trial court overruled his objection reasoning that the audio portion of the videotape would be inadmissible.

 Here, the record supports the trial court's denial of Kristoff's motion to compel discovery of the audio portion of the videotape. The evidence shows that the audio recording on the videotape is a tangible item prepared in anticipation of trial by Glasson's attorney. As such, it is attorney work product. In order to obtain the audio portion, Kristoff must show that he had a substantial need, and that he could not obtain the substantial equivalent of the materials by any other means without undue hardship. However, we find that Kristoff has not shown that he had a substantial need for the audio portion of the videotape.[1] Kristoff was able to question Walsh as to the nature of any instructions Glasson's attorney gave to Walsh concerning the videotape. Walsh testified that Glasson's attorney did not give him instructions during the videotaping, but only told him that he should stop the car before he started to videotape the accident scene. In addition, Glasson's purpose for introducing the videotape was to show the jury that Kristoff's view of oncoming traffic was unobstructed by the hillcrest; the jury did not hear the audio portion of the videotape. As a result, Kristoff has not shown how he was prejudiced, and any audio recording of Glasson's attorney would likely be privileged mental impressions, conclusions, opinions, or legal theories.

## 2. *Striking Deposition Testimony*

Kristoff argues that the trial court erred when it allowed Glasson to delete portions

---

1. As the videotape submitted by Glasson merely depicted the accident scene, we doubt that the videotape was so unique that Kristoff could not have created a substantially equivalent videotape of the accident site.

of Dr. Rau's videotaped deposition. Specifically, Kristoff argues that the deleted portions were relevant because they show that Glasson had a history of anxiety and depression before the accident; therefore, because Dr. Rau acknowledged that incomplete knowledge of a patient's medical history could lead to a faulty medical opinion as to the cause of Glasson's headaches, exclusion of Glasson's prior treatment for anxiety and depression left the jury with the false impression that Glasson's headaches "resulted solely from the accident." Kristoff's Br. at 21. Glasson argues that any testimony concerning Glasson's history of anxiety and depression is irrelevant because (1) she amended her complaint to eliminate any claim for emotional or psychological injury; (2) there was no evidence presented that Glasson's anxiety was causally related to her physical injuries; and (3) Dr. Rau testified that "the absence or presence of any psychological stress did not change her medical opinion that Glasson's physical headache syndrome" was caused by her head striking the windshield. (Glasson's Br. at 22).

In this case, the trial court granted Glasson's motion to strike certain portions of Dr. Rau's deposition without expressing its reason. However, because both Kristoff and Glasson's arguments focus on the relevance of Glasson's prior medical history as being the trial court's reason, so do we.

██ "Trial courts are given wide latitude in making the evaluation required under Rule 403, and appellate reversal is appropriate only for abuse of discretion." *Sears Roebuck and Co. v. Manuilov*, 742 N.E.2d 453, 457 (Ind.2001). We presume the trial court's decision to be correct, and Kristoff has the burden of persuading us that the trial court erred in the exercise of its discretion. *Id.*

All relevant evidence is admissible. Ind. Evidence Rule 402. Relevant evidence is any evidence that establishes the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Ind. Evidence Rule 401. However, relevant evidence may be excluded if (1) its probative value is substantially outweighed by the danger of unfair prejudice; (2) it is likely to confuse the issues; (3) mislead the jury; (4) create undue delay; or (5) needlessly presents cumulative evidence. Ind. Evidence Rule 403.

In this case, Kristoff has not persuaded us that Dr. Rau's testimony concerning Glasson's pre-accident anxiety or depression would have been relevant. On direct examination, Dr. Rau testified that after the accident Glasson told her that she was experiencing daily neck pain, tension headaches, and migraine headaches that would last for several days. Dr. Rau stated that Glasson's migraine headaches made Glasson nauseous, hypersensitive to light and sound, and blurred her vision.

In order to determine the cause of Glasson's headaches, Dr. Rau stated that she performed a neurological exam to rule out causes such as tumors, bleeding, weak limbs, or a stroke—those possible causes were ruled out. Dr. Rau eventually diagnosed Glasson as having post-concussive syndrome.[2] Additionally, after examining Glasson, photos of the windshield, and taking into account Glasson's symptoms, Dr. Rau testified that she believed that Glasson had sustained a concussion from the

---

2. Post-concussive syndrome describes symptoms following a brain concussion. They include giddiness, occasional vertigo, headaches, insomnia, irritability, fatigability, inability to concentrate, tearfulness, and an intolerance of emotional excitement and crowds. GOULD'S MEDICAL DICTIONARY 1083 (4th ed.1979).

impact. As a result, Dr. Rau believed that the neck pain and headaches were causally related to the accident.

■ Based on the evidence in the record, we find that any evidence of Glasson's prior medical history dealing with anxiety or depression would be irrelevant because of the danger of unfair prejudice and the likelihood that such evidence would confuse the jury. The testimony that was stricken from Dr. Rau's deposition did mention that Glasson was currently suffering from anxiety and depression. However, Dr. Rau stated that Glasson's anxiety and depression were the result of not being able to get any relief from the headaches. (Kristoff's App. 111). We have held that evidence is relevant if it has a tendency to prove a material fact. *Hite v. Haase*, 729 N.E.2d 170 (Ind.Ct.App.2000). We have also held that "questions of medical causation of a particular injury are questions of science necessarily dependent on the testimony of physicians and surgeons learned in such matters." *Hannan v. Pest Control Services, Inc.*, 734 N.E.2d 674 (Ind.Ct.App.2000), *trans. denied.* Because Dr. Rau did not testify that anxiety and depression could cause post-concussive syndrome, which was her diagnosis, the trial court did not err in granting Glasson's motion to strike certain portions of Dr. Rau's videotaped deposition as being irrelevant.

*Glasson's Issues*

1. *Partial Summary Judgment*

Glasson argues that the trial court erroneously denied her motion for partial summary judgment. Specifically, she argues that there was no genuine issue of material fact regarding Kristoff's affirmative defense alleging that Davis was partially at fault for speeding.

The purpose of summary judgment is to put an end to litigation when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Auto–Owners Ins. Co. v. Cox*, 731 N.E.2d 465 (Ind.Ct.App.2000). "A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on such an issue." *McGee v. Bonaventura*, 605 N.E.2d 792, 793–4 (Ind.Ct.App.1993). "Where material facts conflict, or undisputed facts lead to conflicting inferences, summary judgment should not be granted." *Auto–Owners*, 731 N.E.2d at 467. Summary judgment is rarely appropriate in negligence cases. *Osterloo v. Wallar ex rel. Wallar*, 758 N.E.2d 59 (Ind.Ct.App. 2001), *trans. denied.*

■ In this case, Glasson filed her motion for partial summary judgment arguing that Kristoff was liable for damages as a matter of law because there was no genuine issue of material fact that Davis was speeding. Glasson designated (1) the police report showing that the posted speed limit on State Road 45 was 45 miles per hour; (2) Davis' deposition in which he stated that he was traveling 40 miles per hour; and (3) Robert Madden's deposition indicating that he was following Davis at approximately 40 to 45 miles per hour. In response, Kristoff designated his deposition in which he stated that when he made the left turn, Davis' "car come [sic] flying over the hill." (Glasson's App. 104). As a result, we find that there was a genuine issue of material fact regarding Davis' speed. The trial court did not err in denying Glasson's motion for partial summary judgment.

2. *Sufficiency of the Evidence*

Glasson had filed a motion to correct errors and for a directed verdict arguing

that there was insufficient evidence to support the jury's determination that (1) she unreasonably failed to mitigate her damages; and (2) Davis was speeding at the time of the accident. The trial court subsequently granted her motion in part, finding that Kristoff had failed to present sufficient evidence that Glasson was contributorially at fault. However, on February 2, 2002, the trial court vacated its order pursuant to Ind. Trial Rule 53.3 because it was issued more than 30 days after Glasson filed her motion. Glasson argues that this was also error. However, rather than sifting through this chronology, we will address the merits of Glasson's sufficiency of the evidence claims.

■■■■ "The purpose of a motion for judgment on the evidence is to test the sufficiency of the evidence." *Faulk v. Northwest Radiologists, P.C.*, 751 N.E.2d 233, 238 (Ind.Ct.App.2001), *trans. denied.*

> Where all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict.

Ind. Trial Rule 50(A). When reviewing a trial court's ruling on a motion for directed verdict, we use the same standard as the trial court. *Faulk*, 751 N.E.2d 233. We will not *substitute our judgment for that of the jury on questions of fact. Id.* (emphasis added). Instead, "we determine only: (a) whether there exists any reasonable evidence supporting the claim; and (b) if such evidence does exist, whether the inference supporting the claim can be drawn without undue speculation. We consider the evidence in the light most favorable to the nonmoving [party]." *Id.* at 238.

■■■■ A plaintiff who has been awarded a judgment for injuries negligently inflicted by a defendant can have the amount of compensatory damages proportionately reduced by the amount of her contributory fault. Ind.Code § 34–51–2–5 (2002). For example, mitigation of damages is a defense available to defendants after having been found negligent. *Deible v. Poole*, 691 N.E.2d 1313 (Ind.Ct.App. 1998), *aff'd,* 702 N.E.2d 1076 (Ind.1998). This defense "addresses the conduct of the injured party that aggravates or increases the party's injuries." *Id.* at 1315. "Generally, the non-liable party must mitigate its damages, but the burden lies with the liable party to prove that the non-liable party has not used reasonable diligence to mitigate its damages." *Id.*

■■■■ In this case, Glasson argued that there was insufficient evidence for the jury to find that she failed to mitigate her damages. Kristoff argued that Glasson failed to mitigate her damages because she failed to complete her home exercise program. Specifically, Kristoff argues that Dr. Silbert's testimony that Glasson did not regularly perform her prescribed exercises amounted to her failure to mitigate her damages. However, we agree with the trial court's vacated order granting Glasson's motion for directed verdict. The trial court found that Glasson had sustained "multiple complex injuries," as established by the expert testimony of Dr. Rau, Dr. Staley, and Dr. James Booze, Kristoff's medical examiner. None of these witnesses testified that Glasson failed to mitigate her damages. Concerning Dr. Silbert's testimony, the record supports the trial court's finding that he testified that Glasson had not done anything or *failed to do* anything to worsen her condition. Glasson's App. 423–24. As a result, the trial court found that Kristoff had not met his burden. We agree.

Concerning Glasson's claim that there was insufficient evidence to support the jury's finding that Davis was contributorially at fault for speeding, we find that this was a question of fact reserved for the jury. The mitigation of damages claim went to the issue of medical causation and, as such, required medical expert testimony. *Daub v. Daub*, 629 N.E.2d 873 (Ind. Ct.App.1994), *trans. denied.* However, the issue of Davis' speed was an issue of witness credibility, a question of fact. As a result, we will not substitute our judgment for that of the jury. *Faulk*, 751 N.E.2d 233.

Because there was insufficient evidence to support the jury's finding of 10% fault as to Glasson, we remand to the trial with instructions to enter judgment against Kristoff in the amount of $170,000. We affirm in all other respects.

BAKER, J., concurs.

SULLIVAN, J., concurs in result as to Parts 1. and 2. of Kristoff's Issues and fully concurs as to Glasson's Issues.