**Ann WILLIS and Jeff Willis,**
**Appellants–Plaintiffs,**

v.

**Christopher WESTERFIELD,**
**Appellee–Defendant.**

No. 49A02–0211–CV–930.

Court of Appeals of Indiana.

Nov. 17, 2004.

Robert E. Lehman, Lehman & Benedetto, Indianapolis, IN, Jeffrey A. Cooke, The Cooke Law Office, Lafayette, IN, for appellants.

Thomas D. Collignon, Collignon & Dietrick, P.C., Indianapolis, IN, for appellee.

**OPINION ON REHEARING**

VAIDIK, Judge.

On rehearing, the Willises raise three issues, one of which we find dispositive; namely, whether the trial court erred by instructing the jury on the affirmative de-

fense of failure to mitigate damages. Initially, we found no error in the trial court's decision to instruct the jury on the failure to mitigate defense. *See Willis v. Westerfield*, 803 N.E.2d 1147, 1155 (Ind.Ct.App. 2004). Upon further reflection, we now reach the opposite conclusion.

■ The mitigation of damages doctrine is "the principle requiring a plaintiff, after an injury or breach of contract, to make reasonable efforts to alleviate the effects of the injury or breach." Black's Law Dictionary 1024 (8th ed.2004). In Indiana, we have opted to focus on whether the plaintiff's action or inaction aggravated or increased the plaintiff's injuries. *See, e.g., Wiese–GMC, Inc. v. Wells*, 626 N.E.2d 595, 599 (Ind.Ct.App.1993) ("[T]he principle of mitigation of damages addresses conduct by an injured party that aggravates or increases the party's injuries."), *reh'g denied, trans. denied; see also Sikora v. Fromm*, 782 N.E.2d 355, 362 (Ind.Ct.App. 2002) (same), *trans. denied; Nelson v. Marchand*, 691 N.E.2d 1264, 1271 (Ind.Ct. App.1998) (same).

■ In addition, recent cases have also stressed the requirement that there be expert testimony that the plaintiff's injuries have been aggravated or increased before a jury may be instructed on the affirmative defense of failure to mitigate damages. *See, e.g., Mroz v. Harrison*, 815 N.E.2d 551, 557 (Ind.Ct.App., 2004) (holding that the trial court did not abuse its discretion by determining that the evidence did not support the giving of a mitigation of damages instruction where there was no expert medical testimony that the plaintiff's failure to cooperate with prescribed treatment, exaggeration of symptoms, and failure to complete physical therapy aggravated or increased his injuries); *Wilkinson v. Swafford*, 811 N.E.2d 374, 384 (Ind.Ct.App.2004) (holding that the trial court abused its discretion by

instructing the jury on mitigation of damages where there was no expert medical testimony that the plaintiff's failure to follow up in a timely manner, her decision not to have surgery, her decision not to have a nerve root block, and her lack of cooperation during a diagnostic exam aggravated or increased her injuries); *Kristoff v. Glasson*, 778 N.E.2d 465, 474 (Ind.Ct.App. 2002) (holding that evidence that the plaintiff did not regularly perform her prescribed exercises was insufficient to support a mitigation of damages claim in the absence of physician testimony that she failed to mitigate her damages).

■ At trial, Westerfield did not present his own medical expert to establish that Ann Willis failed to mitigate her damages. Nor did he elicit any testimony from the Willises' medical expert that Ann aggravated or increased her injuries by failing to follow the course of treatment he prescribed. In light of the cited cases and the dearth of expert medical testimony that Ann's sporadic course of treatment aggravated or increased her injuries, we now find that the trial court erred in instructing the jury on the affirmative defense of failure to mitigate damages. Because we find that the jury was improperly instructed, we must vacate the jury's damages award and remand for a new trial as to damages only.

Additionally, the Willises allege that the trial court erred by denying their motion to redact portions of the video deposition testimony of their medical expert, Dr. Silbert, which was played to the jury. Because we are reversing and remanding for a new trial on damages, we need not decide whether the trial court erred in denying the Willises' motion to redact certain portions of Dr. Silbert's deposition. However, because our ultimate responsibility as an appellate tribunal is to provide guidance for our trial courts, we review the law

regarding the general parameters for cross-examination.

The Willises contend that they were unduly prejudiced by the jury's exposure to those parts of the deposition during which defense counsel allegedly engaged in a "fishing expedition," peppered with inappropriate questions about "pre-existing conditions, subsequent conditions and other unrelated physical conditions for which Westerfield's attorney knew *no* evidence of medical expert causation existed that causally linked the asserted conditions to Ann Willis' collision injuries."[1] Appellant's Br. p. 27–28. By injecting a requirement of medical expert causation evidence, the Willises are essentially trying to insulate their expert's opinion from being called into question. We find no such requirement for cross-examination questions.

■ Rather, cross-examination questions should be relevant, supported by a good faith basis, and not assume facts that are neither in evidence nor anticipated to be entered into evidence at some later point in the trial. *See* Ind. Evidence Rule 104(b) ("When the relevancy of evidence depends upon the fulfillment of a condition of fact, the Court shall admit it upon, *or subject to*, the introduction of evidence sufficient to support a finding of the fulfillment of the condition") (emphasis supplied); Ind. Evidence Rule 401 (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); *Talley v. State*, 442 N.E.2d 721,

725 (Ind.Ct.App.1982) (noting that the defendant failed to prove by a preponderance of the evidence that the prosecutor lacked a good faith basis for a question propounded on cross-examination); *Sch. City of Gary v. Claudio*, 413 N.E.2d 628, 634 (Ind.Ct.App.1980) ("Questions on cross-examination may not assume facts to have been proven which have not been entered into evidence."). Moreover, we note that "[t]he cross examiner may limit her examination to facts or data that undermine the witness's opinion, ... or may elicit other opinions related to that stated on direct examination." Robert L. Miller, Jr., *Courtroom Handbook on Indiana Evidence* 234 (2004). *See also Walker v. Cuppett*, 808 N.E.2d 85, 95 (Ind.Ct.App. 2004) ("[D]efendants in personal injury actions are entitled to thoroughly challenge a plaintiff's expert with respect to that expert's causation opinions[,]" which includes challenging or casting doubt "upon the opinion of a plaintiff's expert that the plaintiff was injured by the defendant with evidence that the plaintiff suffers from a pain-producing disease or mechanism, unrelated to the defendant's negligence, in the precise area of the body where the plaintiff claims to suffer ongoing pain."). In light of this authority, we note that at the new trial on damages, the court should examine the evidence to assure that any challenged portions of the deposition contain questions that are relevant, supported by a good faith basis, and do not assume facts that are not in evidence or anticipated to be entered into evidence before admitting those portions of the deposition into evidence.

---

1. The following is a representative sampling of the types of questions of which the Willises complain:

Did Mrs. Willis ever advise you that she has a history of headache prior to May 9, 1996? [Appellant's Br. p. 30].

You said that she had a soft tissue neck problem. What can cause neck problems besides a motor vehicle accident? [*Id.* at 31].
Did Ms. Willis ever advise you she was dragged by a car approximately 80 feet prior to this accident? [*Id.* at 32].

As to all other matters discussed in our original opinion and not herein addressed, we stand by our initial resolution of those issues.

Reversed and remanded for a new trial on the issue of damages.

SHARPNACK, J., and BAILEY, J., concur.