Dennis L. WRIGHT; Karen S. Wright, Individually and as Husband and Wife; Sarah Wright, by Next Friend Dennis Wright and Karen Wright, Appellants–Plaintiffs,

v.

MOUNT AUBURN DAYCARE/PRE-SCHOOL; Mount Auburn United Methodist Church Daycare and Preschool; Mount Auburn United Methodist Church; United Methodist Church, Indianapolis East District; United Methodist Church, South Conference; The United Methodist Church of Indiana; Indiana Business Entity "One", Commonly Known As Mount Auburn Daycare and Preschool; Indiana Business Entity "Two", Commonly Known as Mount Auburn United Methodist Church; Appellees–Defendants.

No. 41A04–0409–CV–527.

Court of Appeals of Indiana.

July 15, 2005.

Transfer Denied Oct. 20, 2005.

R. Lowell Parr III, Indianapolis, for Appellant.

Richard M. Giesel, Lawrence W. Gaston, Jr., Gaston Cavanaugh & Giesel, John G. Shubat, Patrick A. Elward, Bingham McHale, LLP, Indianapolis, for Appellees.

**OPINION**

DARDEN, J.

*STATEMENT OF THE CASE*

Dennis and Karen Wright bring this interlocutory appeal of the trial court's order requiring them to submit to a psychological examination and the denial of their motion for a protective order.

We affirm.

## ISSUE

Whether the trial court erred in granting the motion to require the Wrights to submit to examination by a psychologist and in denying the Wrights' motion for a protective order.

## FACTS

On May 30, 2002, the Wrights filed a complaint against Mount Auburn Daycare/Preschool, *et al.* (collectively, "Mount Auburn"), alleging that another child sexually molested their daughter while she was attending Mount Auburn Daycare/Preschool. The Wrights sought monetary damages for emotional distress.

Because of the Wrights' claims for monetary damages due to their asserted emotional distress, Mount Auburn requested that they submit to a psychological examination by Dr. Lynn Bradford. Dr. Bradford, however, required that the Wrights sign a release (the "Release") before performing the examination. The Release read as follows:

We, _____ and _____, the undersigned, hereby acknowledge and agree that we are submitting to an independent evaluation by Lynn Bradford, Ph.D., HSPP for the sole purpose of litigation in which we are currently parties. The case is _____, under cause number _____. We understand and agree that Lynn Bradford, Ph.D., HSPP is performing this evaluation and examination at the request of the parties to this case, and not for the purposes of treatment and diagnosis. Her findings are to be used solely for the purposes of this litigation. We acknowledge that no therapist-patient relationship has been established, there is no expectation of confidentiality, and that we hold Lynn Bradford, Ph.D., HSPP harmless for her findings and report.

(Wrights' App. 28). The Wrights agreed to the examination, but they refused to sign the Release because they felt it would require them "to forego any potential legal proceedings involving [Dr. Bradford] should circumstances warrant." (Wrights' App. 34). Dr. Bradford would not perform the examination without the Release being signed.

In May of 2004, Mount Auburn filed a motion pursuant to Trial Rule 35, requesting that the trial court order the Wrights to sign the Release and submit to the examination, or in the alternative, preclude the Wrights from introducing evidence of any damages due to their alleged emotional distress. Subsequently, the Wrights filed a motion for a protective order pursuant to Trial Rule 26, asking that the trial court find and order that they shall not be required to execute the Release as a condition or prerequisite of the examination.

The Wrights' motion for a protective order stated in pertinent part:

2. Plaintiffs and Defendants agree that a Trial Rule 35 examination is appropriate, given the allegations of Plaintiffs' Complaint.

. . . .

6. Plaintiffs do not object to a Trial Rule 35 discovery examination, and in fact fulfilled their scheduling obligation thereof and intended, and still intend, to fulfill their discovery obligation by submitting to such examination but for the requirement of executing [the Release].

7. Plaintiffs contend that Dr. Bradford's requirement that Plaintiffs execute [the Release] constitutes an unreasonable, unduly burdensome, improper, abusive and coercive condition[,] which can be neither reasonably related to, nor permitted as a prerequisite to, the conduct of an evaluation.

8. Plaintiffs move this Court for a Trial Rule 26(C) Protective Order wherein this Court finds and orders that Plaintiffs shall not be required to execute [the Release] as a condition or prerequisite to being evaluated by Dr. Bradford.

(Wrights' App. 25–26).

On July 13, 2004, the trial court held a hearing on Mount Auburn's and the Wrights' motions. On August 11, 2004, the trial court entered its order, finding as follows:

2. [Mount Auburn has] requested that the [Wrights] submit to a psychological examination conducted by Dr. Lynn Bradford ... pursuant to Trial Rule 35. [The Wrights] do not have any objection to submitting to a psychological examination conducted by Dr. Lynn Bradford, however, Dr. Bradford has required that the [Wrights] sign a written release of liability prior to conducting the psychological examination. [The Wrights] object to signing the written release of liability.

. . . .

4. [The Wrights] object to the last phrase "and that we hold Lynn Bradford, Ph.D., HSPP harmless for her findings and report". [The Wrights] do not otherwise object to the language set forth in the form that Dr. Bradford has requested to be signed.

. . . .

9. That in the event that the trial rules do not cover discovery methods, the matters are within the trial court's discretion. *Jacob v. Chaplin,* 639 N.E.2d 1010, 1012 (Ind.1994). As sated [sic] by the Indiana Supreme Court, "[t]he trial court has the inherent power to prescribe the terms and conditions of discovery, or to change its orders as subsequent events may warrant." *Id.*

10. That the Court's analysis commences with the affect [sic] of the offen-

sive language: "and that we hold Lynn Bradford, Ph.D., HSPP harmless for her findings and report."

11. English common law recognize[s] immunity of witnesses from subsequent damages for testimony in judicial proceedings. [citations omitted]. Indiana continues to recognize this common law immunity. [citations omitted]. In the case of *Hamed v. Pfeifer,* 647 N.E.2d 669 (Ind.Ct.App.1995), the Indiana Court of Appeals stated "[m]oreover, participants in a judicial proceeding, including judges, attorneys and witnesses are absolutely immune from liability for their judicial actions." *Id.* at 672.

. . . .

12. That although the Court does not find another case that has expressly considered the application of immunity to findings and a report generated under a court ordered medical or psychological examination under Trial Rule 35, the Court notes that the order for examination is issued by the Court to enable an expert to develop an opinion that would ultimately assist the finder of fact or attorney in litigation. The Court concludes that the findings would be opinions subject to immunity. This is not to say that the findings enjoy unqualified immunity. As already recognized in *Hutchinson v. Lewis,* 75 Ind. 55 (1881), a witnesses [sic] statement must be relevant, responsive and "made in the faithful discharge of his duty as a witness." *Id.* at 61. In *Rhiver v. Rietman,* 148 Ind.App. 266, 265 N.E.2d 245 (1970), the Indiana Court of Appeals held that immunity would not extend "where malpractice is demonstrated." 148 Ind.App. at 272, 265 N.E.2d at 249.

13. That the language contained in the form that Dr. Bradford seeks to have [the Wrights] to sign that "we hold Lynn Bradford, Ph.D., HSPP harmless

for her findings and report" is found to be no more than a recognition of the common law immunity afforded to a witness. As such, the language does not diminish any rights possessed by the [Wrights]. The Court fails to find that the [Wrights] will be prejudiced by the execution of the form requested by Dr. Bradford prior to the psychological examination to be conducted by Dr. Bradford.

(Wrights' App. 36–40). Accordingly, the trial court denied the Wrights' motion for a protective order and ordered the Wrights to submit to a psychological examination by Dr. Bradford under the terms of the Release. The Wrights filed a petition for interlocutory appeal on October 1, 2004, and we accepted jurisdiction pursuant to Indiana Appellate Rule 14(B).

## DECISION

■ The Wrights argue that the trial court abused its discretion when it ordered them to sign Dr. Bradford's Release and refused to issue a protective order that would protect them from signing the Release as it constituted "an unreasonable, unduly burdensome, improper, abusive and coercive condition which can be neither reasonably related to, nor permitted as a prerequisite to, the conduct of an evaluation." Wrights' App. 26.

■ The purpose of the trial rules governing discovery is to allow for a liberal discovery process by the exchange of information essential to litigation of the issues, to eliminate surprise, and to promote settlement. *Kristoff v. Glasson,* 778 N.E.2d 465, 470 (Ind.Ct.App.2002). Discovery matters are fact-sensitive, and therefore, the ruling of the trial court is cloaked in a strong presumption of correctness on appeal. *Id.* We review a trial court's decision regarding discovery matters for an abuse of discretion. *Id.* A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* at 470–71. An abuse of discretion also occurs when the trial court misinterprets or misapplies the law. *Old Indiana Ltd. Liability Co. v. Montano ex rel. Montano,* 732 N.E.2d 179, 183 (Ind.Ct.App.2000), *reh'g denied, trans. denied.* Generally, we will not reverse a trial court's discovery order unless there has been a showing of prejudice. *Kristoff,* 778 N.E.2d at 471.

■ Indiana Trial Rule 35(A) provides in relevant part:

When the mental or physical condition ... of a party ... is in controversy, *the court in which the action is pending may order the party to submit to a physical or mental examination* by a suitably licensed or certified examiner .... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties *and shall specify* the time, place, manner, *conditions,* and scope of the examination and the person or persons by whom it is to be made.

(emphasis added). It is therefore within the trial court's inherent power to prescribe the terms and conditions of discovery, or to change its orders as warranted. *Jacob v. Chaplin,* 639 N.E.2d 1010, 1012 (Ind.1994).

The Wrights concede that "the trial court can certainly order releases be signed as a general proposition ...." Wrights' Reply Br. 3. The Wrights, however, contend that any release that they were required to sign should deal "specifically with the examination itself, not with the fears of future liability by the expert." Wrights' Br. 22. The Wrights maintain that by signing the purportedly overly broad Release, they are "waiv[ing] rights unrelated to the present cause of action in

order to proceed with their case."[1] Wrights' Br. 5. We disagree.

The Release provides, in part, that *"[Dr. Bradford's] findings are to be used solely for the purposes of this litigation.* We acknowledge that no therapist-patient relationship has been established, there is no expectation of confidentiality, and that *we hold Lynn Bradford, Ph.D., HSPP harmless for her findings and report."* Wrights' App. 28 (emphasis added). The Release only encompasses Dr. Bradford's findings that are related to the Wrights' present cause of action. The Release does not purport to waive the Wrights' future claims, if any, or claims unrelated to their action against Mount Auburn. Thus, we find no prejudice in requiring the Wrights to sign the Release.[2]

Nonetheless, the Wrights assert that the trial court erred when it denied their motion for a protective order.

■ Indiana Trial Rule 26(C) provides in relevant part:

Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the discovery not be had;

(2) that the discovery may be had only on specified terms and conditions ...[.]

"[Trial Rule] 26(C) allows a trial court to impose certain conditions upon discovery, upon a showing of good cause, when a party from whom discovery is sought requests judicial protection from perceived abuse of the discovery process." *Jacob,* 639 N.E.2d at 1012. Again, a trial court has broad discretion in ruling upon discovery issues. *Riggin v. Rea Riggin & Sons, Inc.,* 738 N.E.2d 292, 308 (Ind.Ct.App. 2000).

Because the Release only applies to the present cause of action, and more specifically, Dr. Bradford's findings and report, we cannot say that the trial court abused its discretion when it denied the Wrights' motion for protective order.

Affirmed.

MATHIAS, J., and CRONE, J., concur.

---

1. We note that the Wrights have not presented any evidence that they proposed an alternative release with language that would alleviate their concerns.

2. The trial court also found that the Release is "no more than a recognition of the common law immunity afforded to a witness. As such, the language does not diminish any rights possessed by the [Wrights]." Wrights' App.

40. The Wrights argue that "common law immunity does not support the trial court's decision regarding all future claims." Wrights' Br. 9. Because the Release only encompasses Dr. Bradford's opinion and report regarding the present cause of action, we find no abuse of discretion in ordering the Wrights to sign the Release.