Earl DAVIS et al., Plaintiffs-Appellees,

v.

Dennis MURPHY et al.,
Defendants-Appellants.

No. 78–1134.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 31, 1978.

Decided Nov. 22, 1978.

Gerald P. Boyle, Milwaukee, Wis., for defendants-appellants.

Stephen M. Glynn, Curry First, Milwaukee, Wis., for plaintiffs-appellees.

Before SWYGERT, SPRECHER and BAUER, Circuit Judges.

PER CURIAM.

In 1973 plaintiffs, five black residents of Milwaukee, Wisconsin, filed a civil rights action against three white defendants, two Milwaukee police officers and one Milwaukee fireman. After presentation of the plaintiff's case at a bench trial, the action was dismissed for failure to state a cause of action. On appeal this court reversed and remanded the case. *Davis v. Murphy*, 559 F.2d 1098 (7th Cir. 1977). In the subsequent bench trial, judgment was entered against the defendants jointly and severally in the amount of $4,000.00 for each plaintiff in compensatory damages and $800.00 in punitive damages. Plaintiff Earl Davis was further awarded $7,500.00 in compensatory damages and $800.00 in punitive damages. Plaintiffs were also awarded $4,000.00 in attorney's fees. On appeal from this judgment, defendants argue that the findings of fact and conclusions of law are clearly erroneous and the judgment should be reversed. The plaintiffs contest this argument and in addition request attorney's fees and costs for their appellate endeavors pursuant to the Civil Rights Attorney's Fees Award Act (42 U.S.C. § 1988).

The standard for appellate review in this appeal is stated in Rule 52(a) of the Federal Rules of Civil Procedure.

" . . . Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

This standard was further defined by the Supreme Court in *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948) which held:

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*See also Denofre v. Transportation Insurance Rating Bureau*, 532 F.2d 43 (7th Cir. 1976).

■ In the instant appeal it is difficult to characterize very much of the evidence presented regarding the altercation between the parties as undisputed. Contradictory testimony was given by the parties as to who instigated the name-calling, who initiated the physical assaults, who hit whom and so forth. The additional evidence supplied by non-party witnesses sheds little light on the matter because it all related to post-dispute occurrences. In this situation of conflicting evidence the function of the trial judge to determine credibility is of paramount importance.

Here the district court judge indicated in his lengthy opinion from the bench that he had given "considerable attention" to the problem of credibility because he realized it was "a vital factor" and found "the defendants' version of the dispute is not as credible as that of the plaintiffs." (Tr. at 306). Later he began the Findings of Fact and Conclusions of Law by indicating "the Court having heard the testimony and resolving questions of credibility in favor of the plaintiffs . . . ." (Rec. at 24). Thereafter in Finding of Fact ¶ 34 he stated:

"In making the foregoing findings of fact and the following conclusions of law, the Court has resolved the question of credibility, which the Court feels to be the vital factor in determining whether plaintiffs have met their burden, in favor of plaintiffs. This resolution of credibility in favor of plaintiffs is based upon, among other factors, the Court's observation of the plaintiffs' and defendants' demeanor during their testimony." (*Id.*)

The defendants in this appeal are asking for a reversal of the trial judge in an area in which he alone is competent to make a decision. This we clearly cannot do. The district court judge was present throughout the trial, observing and listening to the witnesses. This court, with only the transcript of the trial before it, cannot say that his decision on credibility is incorrect. Moreover, because there was evidence presented to substantiate the trial court's detailed findings[1] and because this court, after viewing the record as a whole, is not convinced that the district court made a mistake in its findings, the judgment of the district court must be affirmed. 333 U.S. at 395, 68 S.Ct. 525.

■ Defendants next argue that the trial court shifted the burden of proof to them after the case was remanded. Not only does the record as a whole indicate that this is not true but the judge specifically pointed this out to the parties in his oral opinion.

"Now the crucial facts that are determinative of the action are in very serious dispute. . . .

"I've given considerable attention to that problem, because it is obviously the vital factor in deciding whether the *plaintiffs have met their burden,* or whether the defendants should prevail.

"The Court of Appeals has given the Court a version of the circumstances as they read it, but, of course, they acknowledge in that opinion that it was—the

version was with all favorable inferences to the plaintiffs' case, which plaintiffs' case was entitled to at that stage of the proceedings. Also, the defendants had not yet testified. So, the expressions as to the factual matters set forth by the Court of Appeals are by no means controlling." (Tr. at 306–307) (emphasis added).

Plaintiffs have filed a motion, accompanied by supporting affidavits, for attorney's fees on appeal pursuant to the Civil Rights Attorney's Fees Awards Act of 1976 [the Act], Pub.L.No. 94–559 (Oct. 19, 1976), *codified in* 42 U.S.C. § 1988. As this was the first such request made at this stage of the proceedings, supplemental briefs were ordered to address this issue.

In previous appeals this court has not awarded attorney's fees for appellate endeavors under the Act because the requests were directed to this court's attention as an item of "costs" under Rule 39 of the Federal Rules of Appellate Procedure and filed after judgment was entered. Rules 39(c) and 39(e) indicate several items which are treated as costs, and although the list therein is not inclusive, attorney's fees are not mentioned. Neither are attorney's fees of the same genre as the items listed. In addition, this court is not aware of any court decision which has allowed such fees as "costs" under Rule 39.

■ The Civil Rights Attorney's Fees Awards Act states that, in suits under 42 U.S.C. § 1983 and certain other statutes, federal courts may award prevailing parties reasonable attorney's fees "as a party of the costs." The legislative history indicates that a prevailing plaintiff should receive fees almost as a matter of course[2] and further that such fees should be paid in cases pending on the date of its enactment. *Bond v. Stanton,* 555 F.2d 172, 174 (7th Cir. 1977). Fees for appellate efforts, while not uniquely mentioned in the Act, are likewise

---

1. Appellants apparently concede this point. At pages 17 and 18 of appellants' brief they state "it could be argued that there is evidence to support the findings. . . . However, [after] a review of the record in its entirely [sic] . . . the reviewing Court can only be left with the definite and firm convictions that the Trial Court made a mistake."

2. S.Rep.No. 94–1011 at 4–5; H.R.Rep.No. 94–1558 at 6–7, 8, U.S.Code Cong. & Admin.News 1976, p. 5908; 122 Cong.Rec. S16390 (daily ed.

permitted. *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). In light of the purpose and language of the Act and its direct application to this appeal from a civil rights trial, plaintiffs' attorney is awarded $750.00 for his appellate work.

One of the counsel for appellants, who was the trial attorney in this case and was responsible for the first appeal, states in his affidavit to this court that the district court's award of $4,000.00 in attorney's fees was grossly inadequate and suggests, in effect, that any award made by this court should take that factor into consideration. If counsel were dissatisfied with the district court award, he should have filed a cross appeal in this court. Lacking such an appeal this court cannot review the district court's decision. We note, however, that the district court in making its award did consider counsel's previous appellate efforts.

"I am mindful of the extent of this action, the length of the trial, and the fact that an appeal was involved in so assessing that figure." (Tr. at 311.)

Accordingly, it is ordered that the judgment of the district court is affirmed.

Sept. 22, 1976); 122 Cong.Rec. S16491 (daily ed. Sept. 23, 1976); 122 Cong.Rec. H12159–60 (daily ed. Oct. 1, 1976); 122 Cong.Rec. H12160–61 (daily ed. Oct. 1, 1976).