Christopher Scott **BARKER**,
Appellant–Plaintiff,

v.

**CITY OF WEST LAFAYETTE and
Officer Adam S. Ferguson,**
Appellees–Defendants.

No. 79A02–0708–CV–727.

Court of Appeals of Indiana.

Dec. 12, 2007.

Richard A. Waples, Jaunae M. Hanger, David R. Brimm, Waples & Hanger, Indianapolis, IN, Attorneys for Appellant.

Kenneth Collier–Magar, Collier–Magar & Roberts, P.C., Indianapolis, IN, Attorney for Appellees.

**OPINION**

BARNES, Judge.

### Case Summary

Christopher Barker appeals the trial court's determination of the amount of attorney fees to which he is entitled in connection with his lawsuit against the City of West Lafayette and Officer Adam Ferguson of the West Lafayette Police Department (collectively "the City"). We reverse and remand.

### Issue

The sole restated issue is whether the trial court applied the correct legal standard in assessing the attorney fees to which Barker is entitled under 42 U.S.C. § 1988.

### Facts

On July 21, 2002, Ferguson arrested Barker for resisting law enforcement and battery upon a law enforcement officer. After being acquitted of all criminal charges, Barker sued the city for violation of his civil rights pursuant to 42 U.S.C. § 1983. The complaint made federal claims of false arrest, excessive force, and malicious prosecution, and also made state law claims of false arrest and battery.

The jury found in favor of Barker on his federal claims of false arrest and malicious prosecution and his state claim of false arrest. It found in the City's favor on the battery and excessive force claims. The total judgment entered against the City was $40,000.

After trial, Barker filed a petition requesting an award of attorney fees and costs pursuant to 42 U.S.C. § 1988. The total amount Barker requested was $141,520.06. In support of this petition, Barker submitted billing records indicating the amount of time spent on the case by various attorneys and paralegals, multiplied by the hourly rate for those persons.

On August 16, 2007, the trial court entered an order awarding Barker $48,000 in attorney fees and $1,953.01 in costs. In its detailed order, the trial court relied exclusively upon the multi-part test for determining reasonable attorney fees found in *Johnson v. Georgia Highway Express*, 488

F.2d 714 (5th Cir.1974). Barker now appeals the amount of the attorney fees award.

## Analysis

 Barker contends the trial court applied the wrong legal framework in determining the amount of attorney fees to which he was entitled under 42 U.S.C. § 1988. As a general matter, we review an award of attorney fees under this statute for an abuse of discretion. *Young v. Indiana Dep't of Natural Res.*, 789 N.E.2d 550, 560 (Ind.Ct.App.2003), *trans. denied.* "A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before it." *Wright v. Mount Auburn Daycare/Preschool,* 831 N.E.2d 158, 162 (Ind. Ct.App.2005), *trans. denied.* An abuse of discretion also occurs if the trial court misinterprets or misapplies the law. *Id.* A ruling based on an error of law is reversible, and the trial court has no discretion to reach the wrong result. *MacLafferty v. MacLafferty,* 829 N.E.2d 938, 941 (Ind. 2005).

42 U.S.C. § 1988(b) provides:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

Although the statute states that a court "may" award fees, it is generally accepted that fees should be awarded to a "prevailing plaintiff ... almost as a matter of course." *Davis v. Murphy,* 587 F.2d 362, 364 (7th Cir.1978).

The trial court here assessed the reasonableness of Barker's attorney fees by applying the multi-step method articulated in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974). That case delineated twelve factors to consider in determining the reasonableness of a fee in federal civil rights litigation:[1] (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community for similar work; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) fee awards in similar cases. *Johnson,* 488 F.2d at 717–19. These guidelines were consistent with ethical attorney fee recommendations from the American Bar Association that were in place when *Johnson* was decided. *See id.* at 719. They also are reflected in Rule 1.5(a) of the Indiana Rules of Professional Conduct.

 In calculating reasonable fees under 42 U.S.C. § 1988, the United States Supreme Court plainly has indicated that the lodestar method is the preferred way to do so and has rejected exclusive reliance upon the *Johnson* factors. *See, e.g., City of Burlington v. Dague,* 505 U.S. 557, 562, 112 S.Ct. 2638, 2641, 120 L.Ed.2d 449

---

1. *Johnson* was decided before the enactment of 42 U.S.C. § 1988.

(1992).[2] The lodestar figure is the product of a reasonable number of hours spent on the litigation times a reasonable hourly rate. *Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983)). There is a "strong presumption" that the lodestar figure represents a reasonable fee. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986). A "reasonable hourly rate" is based upon market rates in the community for similar services rendered. *See Gautreaux v. Chicago Hous. Auth.,* 491 F.3d 649, 659 (7th Cir.2007).

The trial court here did not determine whether the hourly rates of Barker's attorneys and assistants were reasonable; and, although it did indicate that it believed too many hours had been billed, it did not state what a reasonable number of hours to spend on this case would have been. Thus, it did not calculate Barker's attorney fees via the lodestar method. The City essentially concedes that it was erroneous as a matter of law for the trial court not to do so, and that such error necessarily amounts to an abuse of discretion. We also conclude that it is impossible to determine whether this error is harmless, as the City urges, where there are no findings as to reasonable hours and reasonable hourly rates. We thus reverse the trial court's attorney fee award and remand for recalculation of the fees to which Barker is entitled under the lodestar method.

■ For purposes of guidance on remand, we make the following additional observations. First, the *Johnson* factors are not entirely irrelevant under the lodestar method for calculating a reasonable fee. Some of the *Johnson* factors may be relevant in adjusting the lodestar amount, "but no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended on the litigation." *Blanchard v. Bergeron,* 489 U.S. 87, 94, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989). Several of the *Johnson* factors, however, have been subsumed within the lodestar analysis. Specifically, "the 'novelty [and] complexity of the issues,' 'the special skill and experience of counsel,' the 'quality of representation,' and the 'results obtained' from the litigation are presumably fully reflected in the lodestar amount," and thus cannot serve as independent bases for adjusting the basic fee award. *Delaware Valley,* 478 U.S. at 565, 106 S.Ct. at 3098 (quoting *Blum,* 465 U.S. at 898–900, 104 S.Ct. at 1548–50). Additionally, a deviation from the lodestar amount is proper "only in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts." *Id.* (quoting *Blum,* 465 U.S. at 898–901, 104 S.Ct. at 1548–50).

■ We further note that the calculation of what constitutes a "reasonable" fee under Section 1988 is "not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera,* 477 U.S. 561, 576, 106 S.Ct. 2686, 2695, 91 L.Ed.2d 466 (1986) (plurality opinion). This is because "a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *Id.* at 574, 106 S.Ct. at 2694. In *Rivera,* the Supreme Court affirmed an attorney fee award of $245,456.25 in a case where the

---

2. *Dague* actually addressed an award of attorney fees under 42 U.S.C. § 6972(e). However, the Court stated that its case law "construing what is a 'reasonable' fee applies uniformly" to several federal statutes, including 42 U.S.C. § 1988. *Dague,* 505 U.S. at 562, 112 S.Ct. at 2641.

plaintiff was awarded $33,350 in damages. *Id.* at 564–65, 106 S.Ct. at 2689. Similarly, the Supreme Court has held that fee awards under 42 U.S.C. § 1988 should not be modeled upon the contingency fee arrangements used in personal injury cases, where the fee represents a percentage of the damages awarded. *See Blanchard,* 489 U.S. at 96, 109 S.Ct. at 946. However, if a plaintiff has failed to prevail on a claim that is entirely distinct from his or her successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. *Hensley,* 461 U.S. at 440, 103 S.Ct. at 1943. If a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his or her attorney fees reduced simply because the trial court or jury did not adopt each contention raised. *See id.* With these observations with respect to 42 U.S.C. § 1988 attorney fee awards, we remand to the trial court.[3]

### Conclusion

The trial court abused its discretion by failing to calculate Barker's attorney fee award under 42 U.S.C. § 1988 in accordance with the lodestar method. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

SHARPNACK, J., and VAIDIK, J., concur.

---

3. The City also suggests that the trial court on remand should take guidance in calculating Barker's attorney fees from the Indiana Supreme Court's recent decision in *Order for Mandate of Funds Montgomery County Council v. Milligan,* 873 N.E.2d 1043, 1049 (Ind. 2007). That case analyzed the reasonableness of an attorney fee award under Indiana Trial Rule 60.5, and utilized the multi-part test found in Indiana Professional Conduct Rule 1.5 that largely parallels the *Johnson* test. We believe that reliance on *Milligan* in large part would be misplaced here, because it would be inconsistent with the United States Supreme Court's interpretation of 42 U.S.C. § 1988. The case may provide some guidance with respect to what constitutes a reasonable hourly rate, however.