Christopher Scott BARKER, Appellant–Plaintiff/Cross–Appellee,

v.

CITY OF WEST LAFAYETTE and Officer Adam S. Ferguson, Appellees–Defendants/Cross–Appellants.

No. 79A02–0804–CV–384.

Court of Appeals of Indiana.

Oct. 9, 2008.

Richard A. Waples, Jaunae M. Hanger, David R. Brimm, Waples & Hanger, Indianapolis, IN, Attorneys for Appellant.

Kenneth Collier–Magar, Collier–Magar & Roberts, P.C., Indianapolis, IN, Attorney for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Christopher Scott Barker appeals the trial court's attorney fees order issued upon remand from another panel of this Court. The fees order followed Barker's successful civil rights action against the City of West Lafayette and Officer Adam S. Ferguson (collectively, "the City"). The City filed a cross-appeal. We affirm in part, reverse in part, and remand.

### Issues

Barker raises one issue, which we restate as the following three:

I. Did the trial court err in denying Barker's petition for fees related to his trial court and post-remand litigation to recover attorney fees?

II. Did the trial court err in denying Barker's petition for fees related to his prior fee-related appeal to this Court?

III. Did the trial court err in awarding fees related to Barker's unsuccessful excessive force claim against the City?

In its cross-appeal, the City raises four issues, which we consolidate and restate as the following three:

IV. Did the trial court use a reasonable hourly rate in calculating Barker's attorney fees?

V. Did the trial court err in failing to deduct fees for clerical work performed by paralegals?

IV. Did the trial court commit reversible error by ruling prematurely upon Barker's motion to correct error?

## Facts and Procedural History

This is Barker's second appeal involving the trial court's award of attorney fees pursuant to 42 U.S.C. § 1988.[1] In Barker's prior appeal, another panel of this Court stated the underlying facts as follows:

On July 21, 2002, Ferguson arrested Barker for resisting law enforcement and battery upon a law enforcement officer. After being acquitted of all criminal charges, Barker sued the city for violation of his civil rights pursuant to 42 U.S.C. § 1983. The complaint made federal claims of false arrest, excessive force, and malicious prosecution, and also made state law claims of false arrest and battery.

The jury found in favor of Barker on his federal claims of false arrest and malicious prosecution and his state claim of false arrest. It found in the City's favor on the battery and excessive force claims. The total judgment entered against the City was $40,000.

After trial, Barker filed a petition requesting an award of attorney fees and costs pursuant to 42 U.S.C. § 1988. The total amount Barker requested was $141,520.26 [which included his initial petition for $120,200.26 in fees and costs plus a supplemental petition for $21,320.00 in fees expended while litigating his fee claims before the trial court]. In support of this petition, Barker submitted billing records indicating the amount of time spent on the case by various attorneys and paralegals, multiplied by the hourly rate for those persons.

On August 16, 2007, the trial court entered an order awarding Barker $48,000 in attorney fees and $1,953.01 in costs. In its detailed order, the trial court relied exclusively upon the multipart test for determining reasonable attorney fees found in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974).

*Barker v. City of W. Lafayette*, 878 N.E.2d 230, 231–32 (Ind.Ct.App.2007) ("Barker I"). This Court reversed the trial court's decision and remanded with instructions to recalculate Barker's attorney fees award pursuant to the lodestar method, which requires the multiplication of a reasonable number of hours spent on the litigation times a reasonable hourly rate. *Id.* at 232–33.

Upon remand, Barker filed supplemental petitions for fees and expenses related to the appeal—$28,342.16—and fees related to the proceedings on remand—$7,248.64. In recalculating Barker's fees award, the trial court determined that Barker was entitled to an award of $92,960.51. The trial court explained its decision not to award Barker the entire amount of $177,111.06: "Plaintiff's counsel should not receive any compensation for losing the excessive force, assault and battery claims, or compensation for filing his fee petitions, or compensation for taking an appeal [because] this Court relied upon *Johnson v. Georgia Highway Express Inc.*, which was cited to the Court by plaintiff. Said compensation being unreasonable." Appellant's App. at 19.

On March 5, 2008, Barker filed a motion to correct error. On March 13, 2008, without holding a hearing or receiving a response from the city, the trial court granted that motion and set aside its February

---

1. 42 U.S.C. § 1988(b) states, in pertinent part, as follows:

In any action ·or proceeding to enforce a provision of sections 1981, 1981a, 1982,1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs ...

28, 2008, decision in its entirety.[2] *Id.* at 20. It recalculated Barker's fee award using higher hourly rates for the attorneys and paralegals and awarded Barker fees and expenses in the total amount of $120,200.26. The trial court stated again that Barker should not receive compensation for fees toward his unsuccessful claims or his pursuit of fees, and it again suggested that Barker had invited error by citing the *Johnson* case to the trial court during the fees proceedings. In this revised fee order, the trial court effectively granted Barker's initial April 17, 2007, petition for fees and expenses but denied Barker $56,910.80 in fees for litigation of the fee issue in the trial court, on appeal, and on remand.

On March 18, 2008, the City filed a motion to correct error, arguing that the trial court had ruled on Barker's motion to correct error before the City had sufficient time to respond. The City also pointed out that although the trial court had ruled that Barker should not receive attorney fees related to his unsuccessful excessive force claim, it had failed to deduct those fees from the award. The City also claimed that the trial court had used excessive hourly rates and numbers of hours in its revised calculation.

On April 14, 2008, the trial court issued an order acknowledging its error in ruling upon Barker's motion to correct error without allowing the requisite time for the City's response. On substantive grounds, however, the trial court "reaffirmed and re-entered" its order of March 13, 2008. *Id.* at 22. Barker now appeals, and the City cross-appeals.

### Discussion and Decision

 Generally, we review a trial court's denial of attorney fees pursuant to

42 U.S.C. § 1988 for an abuse of discretion. *Jaffee v. Redmond*, 142 F.3d 409, 412 (7th Cir.1998). This deferential standard of review is appropriate in view of the trial court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effects of the facts and circumstances before the court. *Gauvin v. State*, 878 N.E.2d 515, 520 (Ind.Ct.App.2007), *trans. denied* (2008). We do not revisit weight and credibility issues but confine our review to the evidence and reasonable inferences favorable to the judgment. *McGill v. McGill*, 801 N.E.2d 1249, 1251 (Ind.Ct.App.2004).

 When a trial court denies attorney fees to a prevailing party under Section 1988 as a result of applying a principle of law, however, the justifications for the generally deferential standard of review are absent. *Jaffee*, 142 F.3d at 412. Therefore, as with all questions of law, we review de novo the alleged legal errors made by the trial court in denying fees. *Id.*

### I. Fees for Establishing Underlying Litigation Fees

 Barker contends that the trial court erred in denying his claim for attorney fees expended in preparing and defending his fee petition before the trial court. Pursuant to 42 U.S.C. § 1988(b), a court "may allow the prevailing party [in an action to enforce a provision of 42 U.S.C. § 1983] a reasonable attorney's fee[.]" However, it is generally accepted that fees should be awarded to a prevailing party "almost as a matter of course."

---

2. Indiana Trial Rule 59(E) states that "[f]ollowing the filing of a motion to correct error, a party who opposes the motion may file a statement in opposition to the motion to correct error not later than fifteen [15] days after service of the motion."

*Barker I*, 878 N.E.2d at 232 (citing *Davis v. Murphy*, 587 F.2d 362, 364 (7th Cir. 1978)). As Barker points out, the law on this issue was long ago settled by the U.S. Supreme Court when it determined that a statutory fee award for the prevailing plaintiff presumptively encompasses all aspects of the civil action, including fees on fees litigation. *Commissioner, INS v. Jean*, 496 U.S. 154, 161–62, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) (citing with approval *Gagne v. Maher*, 594 F.2d 336, 343–44 (2nd Cir.1979) (holding that trial court's denial of attorney fees for time spent in obtaining them would "dilute" the value of a fees award by forcing attorneys into extensive uncompensated litigation in order to gain any fees under Section 1988), *aff'd on other grounds by* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)). In *Barker I*, this Court clearly determined that Barker was a "prevailing party" for purposes of this fee statute. 878 N.E.2d at 233. Thus, we must conclude that the trial court erred in denying Barker fees expended to recover Section 1988 fees. We hereby reverse this portion of the trial court's order and remand with instructions to award Barker fees in the amount of $21,320.00 for his fees litigation prior to the first appeal, plus $7,248.64 for fees expended pursuing fees following the first remand in this case.

### II. Denial of Appellate Fees

█ Barker also claims that the trial court erred by denying his petition for fees related to his earlier successful appeal. In its fees order, the trial court suggested that Barker had somehow invited its error of failing to use the lodestar method by citing the *Johnson* case in his initial attorney fee brief. *See* Appellant's App. at 19 ("Plaintiff's counsel should not receive any compensation for ... taking an appeal and this Court relied upon *Johnson v. Georgia*

*Highway Express Inc.*, which was cited to the Court by plaintiff.").

Barker correctly asserts that he properly cited *Johnson* in his original fee petition, explaining:

> *Once the lodestar figure is calculated,* a court can adjust the figure upwards or downwards based on any of the twelve *Johnson* factors. However, adjustments to the lodestar based on these factors should be "rare" and reserved only for "exceptional" cases, and then only if circumstances which are not already factored into the lodestar calculation demonstrate that the resulting fee would be unreasonable.

*Id.* at 46–47 (Plaintiff's Memorandum of Law in Support of Petition for Attorney Fees and Expenses) (footnote and citations omitted) (emphasis added). This Court made a similar statement of the law in Barker I:

> For purposes of guidance on remand, we make the following additional observations. First, the *Johnson* factors are not entirely irrelevant under the lodestar method for calculating a reasonable fee. Some of the *Johnson* factors may be relevant in adjusting the lodestar amount, but no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended on the litigation. Several of the *Johnson* factors, however, have been subsumed within the lodestar analysis. Specifically, the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for adjusting the basic fee award. Additionally, a deviation from the lodestar amount is proper only in certain rare and exceptional cases, supported by both

specific evidence on the record and detailed findings by the lower courts. *Barker I*, 878 N.E.2d at 233 (citations and quotation marks omitted).

■ It is well established that the prevailing party in a Section 1983 action may recover fees for appellate efforts, though Section 1988 does not specifically mention such fees. *Davis*, 587 F.2d at 364–65. The City's position on this issue—that Barker is not entitled to appellate fees because he led the trial court to use the *Johnson* factors in calculating the fee award—is unpersuasive. The trial court abused its discretion in denying Barker these fees. We reverse this part of the trial court's order and remand with instructions to award Barker $28,342.16 for fees expended in the first appeal. We also instruct the trial court to award Barker, upon his request, reasonable fees related to this second appeal.

### III. Fees for Unsuccessful Claim

■ Barker also argues that he is entitled to fees attributable to his unsuccessful claim of excessive force. When a plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). However, when a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. *Id.*

■ Here, Barker's unsuccessful claim of excessive force and his successful claim of false arrest arose from the very same incident: Barker's arrest by police. Where a successful and unsuccessful claim arise from a "single course of wrongful conduct" or "involved a common core of

facts or [were] based on related legal theories" and where a plaintiff has obtained "substantial relief," his attorney should recover a "fully compensable fee." *Id.* Barker correctly observes that there was no dispute at trial that the excessive force alleged by Barker was the force used by Officer Ferguson to effect his arrest. Appellant's Br. at 19. In its order, the trial court stated that fees for the unsuccessful excessive force claim were "unreasonable," but the court included these hours in its actual fee calculation. Appellant's App. at 20–21. We agree with Barker that the wording of the trial court's order on this issue was a harmless scrivener's error (though it should be corrected in the trial court's order issued upon remand), and we affirm the trial court's award of fees related to the excessive force claim.

### IV. Reasonable Hourly Rate

In its cross-appeal, the City claims that the trial court failed to apply reasonable hourly rates when calculating Barker's fee award. It cites a recent case in which our supreme court noted the factors to be considered in determining a reasonable fee, including "the fee customarily charged in the locality for similar legal services[.]" *See Order for Mandate of Funds Montgomery County Council v. Milligan*, 873 N.E.2d 1043, 1049 (Ind.2007); *see also* Ind. Professional Conduct Rule 1.5(A)(3). As noted by this Court in Barker's prior appeal, "reliance on *Milligan* in large part would be misplaced here," because the *Milligan* court analyzed the reasonableness of an attorney fee award under Indiana Trial Rule 60.5 and used the multipart test found in Indiana Professional Conduct Rule 1.5, which largely parallels the *Johnson* test. *Barker I*, 878 N.E.2d at 234 n. 3. The panel did suggest, however, that *Milligan* may provide some guidance with respect to what constitutes a reason-

able hourly rate for purposes of determining a lodestar figure. *Id.*

In a recent Section 1988 fee award case, the Seventh Circuit ruled that "[t]he burden of proving the market rate is on the party seeking the fee award. However, once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 659–60 (7th Cir.2007). Barker notes that he presented significant evidence to the trial court in support of the requested hourly rates for his attorneys—$325 per hour for Attorney Waples, $250 per hour for Attorney Hanger, and $175 per hour for Attorney Brimm. This evidence included affidavits from the attorneys themselves, testimony from several attorneys familiar with the Indiana civil rights litigation market, and testimony regarding market rates for plaintiff's civil rights attorneys in Lafayette, Indiana in 1996. Also, the City offered for admission a copy of the contract signed by Barker and his counsel at the outset of this litigation, which reflects the parties' agreement to these fee amounts.

The City argues that the reasonable hourly rate must be based upon the market rate in the community and within the venue of the court where the case was tried, in this case Tippecanoe County. The City presented affidavits of two Lafayette attorneys familiar with the local market. Attorney Edward Chosnek, who did not specify his practice area, testified that he "[has] handled complex litigation" and is "familiar with 42 U.S.C. § 1983 litigation[.]" Appellees' App. at 75. He stated that "local market attorney fees in and about Lafayette for attorneys of Mr. Waples' experience is $200.00 to $225.00 per hour." *Id.* at 74. Attorney Pamela J. Hermes testified that while she has represented plaintiffs in civil rights cases, she has performed such work only on a contingency fee basis. *Id.* at 80. It is apparent from her affidavit that civil rights litigation is not her exclusive, nor even her primary, practice area. *Id.* at 76–81. For purposes of Section 1988, a reasonable fee is "the prevailing market rate *for lawyers engaged in the type of litigation in which the fee is being sought.*" *Cooper v. Casey*, 97 F.3d 914, 920 (7th Cir.1996) (emphasis in original). Therefore, the testimony of Chosnek and Hermes is not particularly relevant on this issue.

On Barker's side, Attorney Waples testified:

> My practice consists of almost exclusively plaintiffs' § 1983 litigation. Few lawyers in the state of Indiana maintain a similar practice, and, while my office is located in Indianapolis, my practice area is state-wide. I have litigated cases originating in most counties of the state, and I practice regularly before the federal district courts for both the Southern and Northern Districts of Indiana, as well as before state courts in counties throughout the state.

Appellees' App. at 61–62.

Similarly, Indianapolis attorney Henry J. Price testified as follows:

> The market for attorneys who practice in the civil rights area is the entire State of Indiana. It is often the case that lawyers in smaller communities in the state are either unprepared or unwilling to accept the litigation of complex federal matters, including civil rights cases. For this and other reasons, it is often necessary for lawyers in Indianapolis who concentrate their practice in civil rights work to litigate cases throughout the state.

Appellees' App. at 10. Even the trial court noted in its original fees order that "[t]his case would not have been desirable

to many local attorneys. It is not unusual or unexpected that the Plaintiff would seek out-of-town counsel." Appellant's App. at 72.

In sum, there was ample evidence before the trial court to support the reasonableness of the hourly rates used by the court in its lodestar calculation. The evidence presented by the City failed to demonstrate why the rates should be lowered. There was no abuse of discretion here.

### V. Paralegal Fees

The City contends that the trial court erred in awarding paralegal fees for tasks it considers secretarial in nature. We agree with Barker that the City has failed to present cogent argument on this issue, and it is thus waived for review. *City of E. Chicago v. E. Chicago Second Century, Inc.* 878 N.E.2d 358, 369 (Ind.Ct. App.2007); *see also* Indiana Appellate Rule 46(A)(8)(a). Waiver notwithstanding, the City's argument cannot succeed. Barker presented evidence to support his claim for paralegal fees, namely the paralegals' time sheets detailing each task and the amount of time spent thereon. Based on this evidence, the trial court awarded paralegal fees. We cannot conclude that this decision was against the logic and effect of the facts and circumstances before the trial court; thus, we find no abuse of discretion.

### VI. Trial Court's Premature Ruling on Barker's Motion to Correct Error

Finally, the City claims that the trial court committed reversible error by ruling prematurely upon Barker's motion to correct error. On March 5, 2008, Barker filed a motion to correct error related to the trial court's fee order of February 28, 2008. On March 13, 2008, the trial court ruled upon Barker's motion, without allowing fifteen days for the City's response, as contemplated pursuant to Indiana Trial Rule 59(E) and Tippecanoe County Local Rule 79. On March 18, 2008, the City filed its own motion to correct error, in which it informed the trial court of the premature ruling and presented arguments in response to Barker's motion. On March 24, 2008, Barker filed his response to the City's motion to correct error, and shortly thereafter, the City filed a surreply. On April 14, 2008, the trial court issued another order recognizing that it failed to allow the City sufficient time to respond to Barker's motion to correct error. Based upon the trial court's review of the subsequent pleadings, it reaffirmed and re-entered its prior order of March 13, 2008.

Barker argues, and we agree, that the trial court remedied any prejudice to the City resulting from its premature ruling when it reconsidered Barker's motion and all subsequent related filings of both parties and issued the April 14, 2008, order. There is no error, let alone reversible error, on this issue.

In sum, we reverse the trial court's order denying Barker fees related to litigation to his trial court and post-remand litigation to recover fees, and we instruct the trial court to award Barker fees in the amount of $28,568.64, plus reasonable fees related to additional litigation before the trial court in this case. We reverse the trial court's order denying Barker's petition for fees related to his first appeal and instruct the trial court to award him $28,342.16, plus reasonable fees related to the instant appeal. We affirm the trial court's award of fees related to Barker's unsuccessful excessive force claim and instruct the trial court to reflect that award correctly in its revised order. We affirm on the remaining issues.

Affirmed in part, reversed in part, and remanded with instructions for further

proceedings not inconsistent with this opinion.[3]

KIRSCH, J., and VAIDIK, J., concur.

---

**3.** To avoid yet another appeal in this case (and further expenditure of public funds), we encourage the trial court to consider this Court's guidance when determining, upon re-mand, the amount of fees to which Barker is entitled for the litigation of this second appeal.