## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2016, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

*PRO SE* APPELLANT

Donal W. Krutchen
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re The Guardianship of A.I.K., a Minor | December 21, 2016 |
| | Court of Appeals Case No. 14A05-1604-GU-961 |
| Donal W. Kruchten, | Appeal from the Daviess Circuit Court |
| *Appellant-Petitioner*.[1] | The Hon. Gregory A. Smith, Judge |
| | Trial Court Cause No. 14C01-1405-GU-21 |

**Bradford, Judge.**

---

[1] There is no Appellee in this appeal.

# Case Summary

[1] On May 29, 2014, Beth Landreth filed a petition for the appointment of a guardian of the person and estate of her minor granddaughter A.I.K. The natural father, Appellant-Petitioner Donal Kruchten, and natural mother, Victoria Knox ("Mother"), consented to the guardianship. On October 7, 2015, Mother filed a request to terminate the guardianship. A hearing was held and on December 31, 2015, the trial court granted Mother's petition to terminate the guardianship. On February 8, 2016, Kruchten filed a motion for relief from order of judgment.

[2] On May 12, 2016, Kruchten filed a request for judicial notice and enforcement of Foreign Document and Order. On May 16, 2016, the trial court declined to take judicial notice of the Jackson County, Missouri, pleadings due to several issues including the fact that they were not certified copies from the Missouri Court and the record was not sufficiently complete.[2]

[3] On appeal, Kruchten raises two issues which we restate as follows: (1) whether it was an abuse of discretion for the court to decline to take judicial notice of an uncertified, incomplete record from a foreign jurisdiction; and (2) whether the trial court abused its discretion when it terminated the guardianship and awarded the mother custody of the child. Because the court did not abuse its

---

[2] The trial court also noted that there were possible jurisdictional issues with the Missouri custody determination as it relates to the mother and/or child.

discretion in denying the request to take judicial notice of the uncertified foreign custody determination and terminating the guardianship while awarding custody to Mother, we affirm.

## Facts and Procedural History

On May 29, 2014, Landreth filed a petition for the appointment of a guardian of the person and estate of her minor granddaughter A.I.K. Both parents consented to the guardianship. On October 7, 2015, Mother filed a petition to terminate the guardianship. A hearing was held on December 15, 2015. On December 31, 2015, the trial court granted Mother's petition to terminate the guardianship and made the following findings:

> 4. The natural father, [Kruchten] is incarcerated in the Indiana Department of Correction at the Pendelton Indiana facility serving a sentence for his involvement in a drug deal robbery gone bad resulting in felony murder cases to which he [pled] guilty to a lesser included felony. He is serving a 30 year sentence and his earliest possible release date is reported to be in the year 2025.

> 5. The [M]other and [Kruchten] were allegedly married and divorced in California as [Kruchten] was in the United States Navy. There was, however, no documentation admitted into evidence concerning the divorce. At some point in time thereafter, or at least [Kruchten], and [A.I.K.] . . . lived in Missouri. A copy of a document was entered into evidence by the guardian as "Petitioner's Exhibit 2" purporting to be an Order from the Jackson County Circuit Court in Jackson County, Missouri, dated May 1, 2013. It indicates that [Kruchten] was awarded custody of [A.I.K.] herein as [Kruchten] had resided in Missouri for over 90 days, but indicates the [M]other was not present and only served by publication (it does not indicate where), but indicates she is "known to be a resident

of the State of Indiana[."] It is, essentially, a default judgment and appears to this Court to be possibly unenforceable given the California divorce and Indiana residency of the parties at the time of the divorce and full knowledge of the mother's residence in Indiana, as well as the Uniform Child Custody Jurisdiction Act.

6. [T]he Missouri order indicates that [A.I.K.] was living with [Kruchten] in 2013, and [M]other had returned to Indiana. It also indicates the parties were married in California on June 3, 2005. (It does not refer to or indicate the date of the divorce.) The order further refers to [Kruchten] as the child's father "because his name is listed as the child's father on [A.I.K.]'s birth certificate and he has publically [sic] acknowledged being the father of the child to his family and to others."

7. Beth Landreth . . . is the paternal [grandmother] of [A.I.K] and for the majority of the child's lifetime the child has lived with her in her home.

8. [Landreth] was appointed the Guardian of the person and estate of [A.I.K.] by order dated July 9, 2014, following the filing of a Petition for Guardianship on May 29, 2014.

9. The [M]other . . . was living in Indianapolis at the time of the filing of the Petition and the hearing thereon, and signed a "Waiver of Notice of Hearing and Consent to Guardianship" dated May 8, 2014, which was filed with the Court with the Petition.

10. The [M]other now seeks to terminate the guardianship relationship herein and obtain the care and custody of [A.I.K.] as she alleges she is in a better position, has a better job with Honda, and has a home sufficient for [A.I.K.] and her other children.

11. The [M]other further alleges that she was going to wait until the end of the current academic school year to seek to terminate the guardianship, but then she received a petition to set a child

support order filed on behalf of the guardian through the Title IV-D child support division of the Daviess County Prosecutor's Office. [Landreth] admittedly had to apply for assistance to support her household, thus triggering the assignment of rights and the State seeing to obtain a support order to achieve some reimbursement.

12. [Landreth] allowed [A.I.K.] and [Kruchten] to reside in her home. [Kruchten] never had a job and did not contribute to the child's support prior to his conviction and imprisonment. [Mother] acknowledges that she left the child with [Kruchten] when she lost her job a year or two after the divorce while [Kruchten] lived with his mother, Ms[.] Landreth, in Missouri at the time and then in Washington, Indiana.

13. Mother further asserts that she had consented to the guardianship arrangement on a temporary basis to allow her to get settled and on her feet. She acknowledges that because the guardian works [weekends] and as [M]other's parents live in Washington, Indiana, also, the child gets to spend almost every weekend with her in Indianapolis or at least twice per month.

…

16. . . . The maternal grandmother testified that the [M]other . . . is doing very well, has a good clean home with adequate room for [A.I.K.], and that the [M]other has other family present in the Indianapolis area where [M]other resides on Mr. Knox's side of the family.

. . .

18. The [M]other . . . works at Honda in Indianapolis and works a late shift and is also attending Ivy Tech part time. She has sufficient income. She works 4:00 p.m. to 1:00 a.m., which makes it difficult with the children in her care as they go to daycare and she picks them up after work and then they go to school. She has day care arranged through Shirley Smith which costs her $140.00 per week for two children and she has

permission to enroll [A.I.K.] at the daycare where she would go after school until [Mother] gets off work. She acknowledges she is looking for other employment that pays as well with benefits but with a better schedule.

Appellant's App. Vol. II, pp. 38-40.

[5] Kruchten filed a motion to stay proceedings on January 21, 2016. The trial court denied the motion on January 25, 2016. On February 8, 2016, Kruchten filed a motion for relief from order of judgment, to set hearing, and for transport. On April 13, 2016, Mother signed and submitted a child support obligation worksheet. An agreed entry on child support was filed on April 18, 2016. A hearing was also held on April 18, 2016, to address Kruchten's motion for relief from judgment. The trial court denied Kruchten's motion and granted Mother's petition to terminate the guardianship on April 21, 2016.

[6] On May 12, 2016, Kruchten filed a request for judicial notice and enforcement of foreign document and order. Kruchten then filed a verified petition for leave to proceed in forma pauperis on May 16, 2016; the motion was granted that same day. Kruchten's request for judicial notice and enforcement of foreign document and order was also denied on May 16, 2016.

# Discussion and Decision

## I. Foreign Judgment

[7] Kruchten contends that the trial court abused its discretion when it did not register, recognize, or enforce a foreign child support and custody order. The

order in question was an uncertified, incomplete record from a court in Jackson County, Missouri. Further, the order appeared to alter a custody arrangement that had been made in California when Kruchten and Mother divorced, raising a possible issue regarding jurisdiction under the Uniform Child Custody Jurisdiction Act.

[8] When reviewing the trial court's decision, we review for an abuse of discretion. "A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before it." *Wright v. Mount Auburn Daycare/Preschool*, 831 N.E.2d 158, 162 (Ind. Ct. App. 2005), *trans. denied*. "An abuse of discretion also occurs if the trial court misinterprets or misapplies the law." *Barker v. City of W. Lafayette*, 878 N.E.2d 230, 232 (Ind. Ct. App. 2007).

[9] The trial court could not register, recognize, or enforce a foreign judgment because Kruchten did not comply with the requirements of Indiana Code section 31-21-6-4 when he submitted it to the court. Under Indiana code section 31-21-6-4, Kruchten was required to comply with the following to properly register a custody determination issued by a court from another state:

> Sec. 4. (a) A child custody determination issued by a court of another state may be registered in Indiana, with or without a simultaneous request for enforcement, by sending the following to the appropriate Indiana court:
>
> (1) A letter or other document requesting registration.
>
> (2) Two (2) copies, including one (1) certified copy, of the determination sought to be registered and a statement

under penalty of perjury that to the best of the knowledge and belief of the person seeking registration the order has not been modified.

(3) Except as otherwise provided in section 13 of this chapter:

(A) the name and address of the person seeking registration; and

(B) the name of a parent or person acting as a parent who has been awarded custody or visitation in the child custody determination sought to be registered.

Kruchten filed a single, uncertified copy of the custody determination with the trial court. Moreover, Kruchten merely asked that the trial court take judicial notice and enforce the determination. Consequently, the trial court did not abuse its discretion when it denied Kruchten's request to recognize, register, or enforce the incomplete, uncertified copy of the Missouri custody determination.

## II.    Termination of the Guardianship

[10] Under Indiana Code section 29-3-12-1(c)(4), a guardianship may be terminated whenever it is no longer necessary for any reason. Further, "[i]t is well established that when a parent initiates an action to obtain custody, a nonparent seeking to retain custody must bear the burden of overcoming the parent's presumptively superior right to custody." *In re Guardianship of L.L.*, 745 N.E.2d 222, 227 (Ind. Ct. App. 2001).

[11] "In deference to the trial court's proximity to the issues, 'we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment.'" *Oil Supply Co., v. Hires Parts Serv., Inc.*, 726 N.E.2d 246, 248 (Ind. 2000) (internal citations omitted). "We do not reweigh evidence, but consider only the evidence favorable to the trial court's judgment". *In re Guardianship of B.H.*, 770 N.E.2d 283, 288 (Ind. 2002). A challenger, therefore, must show that that trial court's findings are clearly erroneous. *Id.* Moreover, child custody determinations will only be disturbed if there was an abuse of discretion by the trial court. *Id.*

[12] The trial court's findings and conclusions indicate that it relied on many factors in determining that the guardianship should be terminated and custody awarded to Mother. Mother demonstrated that she has a good job at Honda with benefits. She testified that she has secured child care for A.I.K. with her other children while she is at work. The evidence also showed that Mother has a good, clean home in Indianapolis and family that lives nearby. Based upon the evidence presented, the trial court concluded that:

> [M]other has demonstrated sufficient stability and financially is able to care for the child, despite [the fact that Kruchten] will not contribute to the child's future support, and [M]other does have arrangements for daycare and has other family in the area to assist if needed. A more established track record of sobriety, compliance with the law, and employment would be preferred to show a safe and stable home can and will be provided in the future, but the showing in this case is sufficient to carry to burden of proof.

The Court finds that [M]other has demonstrated . . . that it is in the child's best interest to modify the custody arrangement and terminate the guardianship and place [A.I.K.] with the [M]other as her only capable natural parent.

Appellant's App. Vol. II, p. 43. Based upon the evidence presented, there was ample evidence to support the trial court's decision. Consequently, the trial court did not abuse its discretion when it terminated the guardianship and awarded Mother with custody of A.I.K.

[13] The judgment of the trial court is affirmed.

Vaidik, C.J., and Brown, J., concur.